Bussey v. Grant.

## Benjamin Bussey *versus* Polly Grant.

The demandant in a writ of entry must recover upon the strength of his own title, and is bound to prove the seizin upon which he counts. And upon this point, it is competent for the tenant to adduce rebutting proof, whether he shows any title of his own or not.

Where in the deed under which the demandant claims, certain tracts of land, the exact location and limits of which are not there defined, are excepted from the operation of that conveyance, such deed is not *sufficient evidence* of seizin of any particular portion of the township in the grantee.

Unless it appears, in such case, that the tract of land demanded is not within the exceptions, the demandant cannot recover.

A deed from the same grantor, made at the same time, to another grantee, and referred to in the deed to the demandant, of a part of the land excepted, is competent evidence for the tenant, to show the location of the excepted portions.

The lots of actual settlers prior to 1797, upon the townships back of Bangor and Hampden, numbered two in the first range, and two in the second range of townships, did not pass to Henry Knox and wife by the conveyance to them of those townships from the Commonwealth of Massachusetts, whether the settlers' lands have been confirmed to them by the Commonwealth or not.

Where exceptions or reservations, in a deed conveying lands, depend upon a plan, the actual survey and location upon the face of the earth are to determine their bound.

The demandant brought his writ of entry, and at the trial before Emery J., to support his action, read in evidence a deed from Henry Knox and wife to himself, dated Oct. 16, 1804, of townships numbered two in the first range, and two in the second range, north of the Waldo patent, excepting 3900 acres, situated in the northwest corner of No. 2, in the second range, previously conveyed to R. G. Amory, by deed of the same date, as surveyed by Nathan Withington, "and excepting also out of this conveyance one hundred acres to each settler within the two townships, meaning to except from this conveyance the lots of the settlers within the aforegranted two townships, as confirmed to the said settlers by the Honorable the General Court." The premises demanded were within the limits of the last described township. Also, three resolves of the legislature of Massachusetts, of June 25, 1789, March 10,

1797, and June 18, 1797; and a deed from Patten to the tenant; the demandant introduced evidence tending to show, that Delano, who had made and returned a plan of the land under the resolves of 1797, on which the lot demanded was marked as settler's lot, No. 2, had made no actual survey, at the time the plan was made, of the lots designated thereon, and that the lines run upon the face of the earth were run by him after he made the plan; and there was evidence introduced by the tenant tending to prove the contrary. The lot demanded was marked on Delano's plan as a settler's lot, of one hundred acres, but in fact contained, by exact measurement, more than one hundred acres. The tenant, in addition to other evidence not appearing in the exceptions, to show that the lines of this lot were run upon the earth, and extended to the Amory tract, read the deed from Knox to Amory, mentioned in the excepting part of the deed from Knox to the demandant; and a deed of the same land from Amory to the demandant, dated May 20, 1831. The demandant objected to the introduction of these deeds, but they were *admitted*. The tenant introduced evidence tending to show, that this lot No. 2, called the Perkins lot, had been in the occupation and improvement of Perkins, Garland, Pomroy, Patten, E. Grant the late husband, of the tenant, or of the tenant, as a farm, from 1797 to the present time; and that Pomroy, in 1821, deeded this lot to E. Grant, having, previously to giving the deed, occupied the land seven years or more.

The counsel for the demandant requested the Judge to instruct the jury, that the demanded premises were not embraced in the exceptions in the deed from Knox to the demandant; that to bring the Perkins lot within the exceptions, it must appear that he was a settler within the terms of the resolves of Massachusetts; and that his title had been confirmed to him by the Commonwealth.

Also, that if he was a settler, and entitled, as such, to a deed from the Commonwealth, if his title was not confirmed to him, his lot was not within the exceptions.

Also, if he was a settler, and his title had been confirmed,

Bussey *v.* Grant.

there was no evidence of the extent of his lot; and that it could not be extended to the Amory line, unless it was so extended on the plan of Delano.

Also, that the tenant had not connected herself with the plan and survey of Delano.

And also, that his survey and plan were not evidence that the title of the tenant was co-extensive with the lot on the plan and survey.

The Judge declined to give these instructions, or any of them, and did instruct the jury, that if Perkins was in the occupation of said lot at the time Delano made his plan, and that Delano made a survey upon the face of the earth, corresponding to the limits claimed by the tenant, in 1797, they would return their verdict for her.

The jury returned a verdict for the tenant, and found specially, that Perkins was a settler on this lot prior to 1797, and that a survey was made by Delano in 1797, on the face of the earth, prior to the return of his plan and survey, said survey being in accordance with the limits claimed by the tenant.

To the rulings of the Judge, to his refusal to give the instructions requested, and to the instructions given, the demandant excepted.

*Rogers* and *A. W. Paine* argued for the demandant, in support of the several grounds taken for him at the trial, and contended that the instructions given to the jury were erroneous. They cited 1 Phil. Ev. 411; Com. Dig. Estates, C; 4 Binney, 231; 3 Dane, 284; 1 Stark. Ev. 376; 1 Phil. Ev. 156; 1 East, 653; 1 T. R. 144; 3 Burr. 1475; 1 McCord, 573; 2 Gallison, 485; 9 Petersd. Ab. 155; 4 T. R. 37; 1 B. & P. 468; *Lambert* v. *Carr*, 9 Mass. R. 185; *Harlow* v. *French*, ib. 192; *Allen* v. *Littlefield*, 7 Greenl. 220.

*J. Appleton* argued for the tenant, and cited *Knight* v. *Mains*, 3 Fairf. 41; *Hains* v. *Gardner*, 1 Fairf. 383; 6 Peters, 598; 4 Peters, 83; 9 Wend. 209; 17 Johns. 335; 3 Johns. Cas. 174; 8 Serg. & R. 92; 4 Binney, 327; *Knox* v. *Pickering*, 7 Greenl. 106; 7 Wheat. 59; *Esmond* v. *Tarbox*,

7 Greenl. 61; *Ripley* v. *Berry*, 5 Greenl. 24; *Brown* v. *Gay*, 3 Greenl. 126; *Bussey* v. *Luce*, 2 Greenl. 367.

The opinion of the Court was by

WESTON C. J. — The demandant must recover upon the strength of his own title. He is bound to prove the seizin upon which he counts. And upon this point, it is competent for the tenant to adduce rebutting proof, whether she shows any title of her own or not. The deed from Knox to the demandant was not sufficient evidence of seizin in him; for although that deed may have conveyed the greater part of township number two, in the second range, in which the land in controversy lies, certain tracts of land in that township are excepted from the operation of that conveyance, the exact location and limits of which, are not there defined. Whether therefore the land demanded was a part of that conveyed or excepted, cannot be ascertained from the deed. Indeed, from an inspection of its terms, it does not appear, whether the greater part of the land in the township was excepted or conveyed.

But as other testimony, bearing upon the question of title, was received at the trial, we are called upon to determine, whether the verdict returned for the tenant, can be legally sustained. Unless it has appeared, that the land demanded is not within the exception, it ought not to be disturbed. The deed from Knox and wife to Amory, which conveyed one of the excepted tracts, was admissible with a view to determine its location. For the location of the excepted parts is necessary, in order to show what lands within the township the deed, upon which the demandant relies, embraced. But that, as well as the deed of the same tract from Amory to the demandant, was received as tending to show that Delano, the surveyor, ran the lines of the Perkins lot, of which it is insisted by the tenant, the land demanded is part, and that it extended to the Amory tract. The lines and monuments by which that tract is defined in the deed to him, may be proved and located, whenever that deed is legally admissible in evi-

dence. Three sides of the Perkins lot, there called number two, are given as part of the bounds of the Amory tract. The number, two, is derived from Delano's survey. The Amory tract being bounded upon it shows that its lines, upon the earth, were then well known. Nor was this assumed, as a matter of mere description of bounds, not ascertained. The Amory tract is further described, as actually surveyed and marked out by Nathan Withington. Number two, then, or the Perkins lot, is upon three of its sides, made part of the bounds, actually marked, of the Amory tract; and this had a tendency to show, that number two had been previously surveyed and located. This fact derived no additional corroboration, from the same description in the more recent deed from Amory to the demandant. If therefore, he is not bound by the recitals in that deed, it was immaterial in its bearing upon the point, for which it was adduced, namely, to show that Delano made an actual survey; and therefore if inadmissible should not affect the verdict.

It is contended for the demandant, that it has not appeared, that number two was a settler's lot, and so within the exception. The resolve of June twenty-fifth, 1789, specifies who shall be regarded as settlers upon the unappropriated lands, and as such entitled to be quieted, upon the terms therein set forth. It was not a general law, to be applied prospectively, but was limited to settlers, who had become such prior to 1784. The resolve of February twenty-third, 1798, which authorized the conveyance, under which the demandant claims, provides, " that the lots, not exceeding one hundred acres to each settler, which shall be occupied by any settler on the additional lands, to be assigned by force of this resolve, shall not be considered as taken to make up said deficiency, but the said settlers, who are not already quieted by law, shall hereafter be quieted in their settlements in such manner as the General Court shall direct." This manifestly contemplated settlers, then upon those lots, to quiet whom provision had not been made by law, as it had been for those, who had become settlers prior to 1784. The resolve required that the lots of the actual settlers in 1797,

should be excepted from this grant, the legislature choosing to retain the power of quieting them at its pleasure. If the conveyance from the Commonwealth to Knox is not in the case, as the demandant invokes this resolve, in aid of his title, the exception as to settlers' lots, which appears in the deed to him, must be construed with reference to the terms of the resolve. These settlers' lots then, being excepted, did not pass to the demandant's grantors or to him. The jury having found, upon competent evidence, that Perkins was a settler prior to 1797, his lot was not conveyed to the demandant. If the demanded premises are a part of it, the demandant has failed in his title.

Delano's plan was made to designate and determine the lots of such settlers, and returned to the land office in Massachusetts, under the authority of the resolves of March 10, and of June 13, 1797. It was a public, well known document, accessible to Knox and his grantee, Bussey, as evidence of the location of the settlers' lots. It purports to delineate one hundred acres to each settler, which was the quantity intended to be reserved and excepted. But like other grants, exceptions or reservations, which depend on a plan, the actual survey and location on the face of the earth are to determine their boundary and extent. This has become an established principle in regard to grants and conveyances depending on a plan, which cannot be departed from without unsettling the bounds of lands in a great part of the State. It has in most instances given an excess of quantity, in consequence of a liberal mode of admeasurement. The acre of that day, as is and was well known, in the locations made in this State, was larger than the exact acre. Knox must have understood, that where settlers' lots had been surveyed and returned, they fell within the exception as actually located. The land in controversy, falling within a settler's lot, as surveyed and returned, the demandant cannot prevail, whether the lot has ever been confirmed to the settler, and to those claiming under him, or not. And the seizin of the demandant not having been proved, the tenant is under no necessity of showing any title in defence, or of con-

necting herself in any manner whatever with the title or interest of the settler.

In our opinion, the instructions requested were properly withheld, and those which were given, in conformity with law.

*Judgment on the verdict.*